```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
              SOUTH BEND DIVISION
```

```
STEPHEN TAGHON,                  )
                                 )
Plaintiff,                       )
                                 )
vs.                              )    NO. 3:11-CV-386
                                 )
STEVEN EULER, et al.,            )
                                 )
Defendants.                      )
```

**OPINION AND ORDER**

This matter is before the Court on a complaint filed pursuant to 28 U.S.C. § 1983 by Stephen Taghon, a *pro se* prisoner. For the reasons set forth below, the court: (1) **GRANTS** Stephen Taghon leave to proceed against Steven Euler, Tina Watts, Mike Scott, Mr. Whelan, Rhonda Vega, and Mr. Stentson, in their individual capacities for compensatory and punitive damages for failing to protect him from attack by other inmates on January 7, 2011, in violation of the Eighth Amendment; (2) **DISMISSES** all other claims; (3) **DIRECTS** the clerk to transmit the summons and USM-285 for Steven Euler, Tina Watts, Mike Scott, Mr. Whelan, Rhonda Vega, and Mr. Stentson to the United States Marshals Service along with a copy of this order and a copy of the complaint; (4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Steven Euler, Tina Watts, Mike Scott, Mr. Whelan, Rhonda Vega, and Mr. Stentson; and (5) **ORDERS**, pursuant

to 42 U.S.C. § 1997e(g)(2), that Steven Euler, Tina Watts, Mike Scott, Mr. Whelan, Rhonda Vega, and Mr. Stentson respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

BACKGROUND

Stephen Taghon, a *pro se* prisoner, alleges that he fought with a member of the Saxon Knights, a white supremacist gang, on July 14, 2010. As a result, he was placed in disciplinary segregation. On January 5, 2011, he was released and placed in an open dorm with members of the Saxon Knights. He alleges that both before and after his release, he communicated with the defendants about his fear of, and his need for protection from, the Saxon Knights. In the early morning hours of January 7, 2011, he was beaten and stabbed by several members of the Saxon Knights.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it

if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rules of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). However, "[p]risons are dangerous places. Housing the most aggressive among us, they place violent people in close quarters." *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991).

> Some level of brutality and sexual aggression among [prisoners] is inevitable no matter what the guards do. Worse: because violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing constitutional problems of its own) it will always be possible to say that the guards "should have known" of the risk. Indeed they should, and do. Applied to a prison, the objective "should have known" formula of tort law approaches

absolute liability, rather a long distance from the
Supreme Court's standards in *Estelle* and its offspring.

*McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991).

Therefore, when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 837. Merely expressing a generalized fear of future harm based on past attacks is not sufficient to establish liability. *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison guard merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

Here, giving Taghon the benefit of the inference to which he is entitled at the pleading stage of this proceeding, he has stated a claim against Steven Euler, Tina Watts, Mike Scott, Mr. Whelan, Rhonda Vega, and Mr. Stentson, in their individual capacities for compensatory and punitive damages for failing to protect him from attack by other inmates on January 7, 2011, in violation of the Eighth Amendment.

However, Taghon has not stated a claim against any of the defendants in their official capacities. First, "[t]o establish a claim in an official capacity suit, a plaintiff must show that the actions on which liability is predicated took place pursuant to a government policy or custom." *Hadi v. Horn*, 830 F.2d 779, 782 (7th Cir. 1987). Here, Taghon has not alleged that the failure to protect him was premised on either a policy or custom. Moreover, even if he had made such an allegation, "a suit against a[n] . . . official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because the Eleventh Amendment prohibits monetary damage suits against States and their agencies, *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987), Taghon may not proceed against the defendants in their official capacities.

CONCLUSION

For the reasons set forth above, the court: (1) **GRANTS** Stephen Taghon leave to proceed against Steven Euler, Tina Watts, Mike Scott, Mr. Whelan, Rhonda Vega, and Mr. Stentson, in their individual capacities for compensatory and punitive damages for failing to protect him from attack by other inmates on January 7, 2011, in violation of the Eighth Amendment; (2) **DISMISSES** all other claims; (3) **DIRECTS** the clerk to transmit the summons and USM-285

for Steven Euler, Tina Watts, Mike Scott, Mr. Whelan, Rhonda Vega, and Mr. Stentson to the United States Marshals Service along with a copy of this order and a copy of the complaint; (4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Steven Euler, Tina Watts, Mike Scott, Mr. Whelan, Rhonda Vega, and Mr. Stentson; and (5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Steven Euler, Tina Watts, Mike Scott, Mr. Whelan, Rhonda Vega, and Mr. Stentson respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**DATED: October 25, 2011** /s/RUDY LOZANO, Judge
**United States District Court**